# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**MATTIE BRIGHT, as Guardian and next of kin for her daughter, Jane Doe**                                         **PLAINTIFF**

**V.**                                                                     **NO. 3:16-CV-197-DMB-RP**

**TUNICA COUNTY SCHOOL DISTRICT, et al.**                                   **DEFENDANTS**

## ORDER

Before the Court in this civil rights action is Mattie Bright's motion to seal seven exhibits to her response to Bernard Stephen Chandler's motion for summary judgment. Doc. #74.

## I
## Procedural History

On August 24, 2016, Mattie Bright filed an amended complaint on behalf of her daughter, Jane Doe, in the Circuit Court of Tunica County, Mississippi. Doc. #2. The amended complaint, which asserts claims under Title IX and 42 U.S.C. § 1983, names as defendants (1) Tunica County School District; (2) Bernard Stephen Chandler, the Superintendent of the District, in his official and individual capacities; (3) Milton Hardrict, the principal at Coahoma Agricultural High School, in his official and individual capacities; (4) Stanley Ellis, the Assistant Superintendent of the District and the District's Title IX Coordinator, in his official and individual capacities; and (5) Brittany Brown, a teacher in the District, in her official and individual capacities. The amended complaint alleges the various defendants are liable for a sexual assault and subsequent harassment Jane Doe suffered while a student in the District.

On April 10, 2017, Bernard Stephen Chandler filed a motion for summary judgment. Doc. #57. After her motion for a Rule 56(d) discovery period was denied, Bright responded in

opposition to the motion. Doc. #71.

On August 28, 2017, Bright filed a motion to seal Exhibits 3, 4, 5, 7, 8, 9, and 10 to her response to Chandler's motion for summary judgment, representing the motion is unopposed. Doc. #74. The same day, Chandler, Ellis, Hardrict, and the District responded to the motion. Doc. #75.

## II
## Motion to Seal Standard

Rule 79 of the Uniform Local Civil Rules provides that no document may be filed under seal without a court order. L.U. Civ. R. 79(b). In this regard, Local Rule 79(d) instructs that "[n]o document may be sealed merely by stipulation of the parties." Though "[a] confidentiality order or protective order entered by the court to govern discovery will not qualify as an order to seal documents for purposes of this rule," "[a] statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support an order sealing documents." L.U. Civ. R. 79(b), (d).

Rule 79 also directs:

Any motion to seal must be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order. A party may also submit a confidential memorandum for in camera review. The non-confidential memorandum and the proposed order must include:

(A) A non-confidential description of what is to be sealed;
(B) A specific request that the document or case:

(1) Be sealed from any access by the public and the litigants' counsel;
(2) Be sealed from public access only, with CM/ECF access permitted to the litigants' counsel; or
(3) Be sealed only from public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office.

L.U. Civ. R. 79(e)(3).

The decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must "balance the public's common-law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). In doing so, the court must apply a "presumption in favor of the public's common law right of access." *Id.* at 849. Generally, where the documents sought to be sealed are exhibits to a dispositive motion, the weight afforded to the public's common law right of access is necessarily greater. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995); *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 & n.11 (11th Cir. 2001).

### III
### Analysis

As an initial matter, this Court notes that Bright failed to file a memorandum in support of her motion, choosing instead to request a waiver of the memorandum requirement. Doc. #74. Because the documents to be sealed are currently on the docket and because Bright's motion contains the information which would have been included in the memorandum, the Court will address the request on its merits.

Bright seeks to seal Exhibits 3, 4, 5, 7, 8, 9, and 10 to her response to Chandler's motion for summary judgment on the grounds that the exhibits identify Doe, her mother, and/or the circumstances of Doe's alleged assault. Doc. #74. The defendants do not oppose the requested relief but argue that the motion mischaracterizes one of the exhibits and improperly assumes that a sexual assault occurred when the defendants contend that the sexual encounter was consensual.

The Court does not believe that the identity of Doe's mother (Bright) nor the alleged circumstances of the sexual encounter at issue in this case, facts which have been discussed repeatedly in this action, outweigh the interest in public disclosure. Accordingly, Exhibit 4, which Bright seeks to seal on the grounds that it identifies Bright as "Plaintiff's mother" and

3

"describes incidents surrounding the aftermath of Plaintiff's rape" will not be sealed.[1]  However, notwithstanding the defendants' objections to the language of the motion, the Court concludes that the interest in protecting the identity of Doe outweighs the interests favoring nondisclosure. Accordingly, the motion to seal will be granted as to the remaining exhibits, which all identify Doe.

### IV
### Conclusion

For the reasons above, Bright's motion to seal [74] is **GRANTED in Part and DENIED in Part**.  The motion is GRANTED to the extent it seeks to seal Exhibits 3 [71-3], 5 [71-5], 7 [71-7], 8 [71-8], 9 [71-9], and 10 [71-10] to Bright's response to Chandler's motion for summary judgment.  The motion is DENIED to the extent it seeks to seal Exhibit 4 [71-4] to the response.

**SO ORDERED**, this 29th day of August, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] The text of Exhibit 4 tracks many of the allegations of the complaint, which is not sealed.