IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MATTIE BRIGHT, as Guardian and next**                                                  **PLAINTIFF**
**of kin for her daughter, Jane Doe**

**V.**                                                                                        **NO. 3:16-CV-197-DMB-RP**

**TUNICA COUNTY SCHOOL DISTRICT,**
**et al.**                                                                                                          **DEFENDANTS**

## ORDER

This civil rights action is before the Court on: (1) the "Motion of Defendant Stanley Ellis for Qualified Immunity, to Dismiss, and for Summary Judgment," Doc. #28; (2) the "Motion of Defendant Milton Hardrict for Qualified Immunity, to Dismiss, and for Summary Judgment," Doc. #32; and (3) the "Motion of Defendant Bernard Stephen Chandler for Qualified Immunity," Doc. #57.

## I
## Procedural History

On August 24, 2016, Mattie Bright filed an amended complaint on behalf of her daughter, Jane Doe, in the Circuit Court of Tunica County, Mississippi. Doc. #2. The amended complaint, which asserts claims under Title IX and 42 U.S.C. § 1983, names as defendants (1) Tunica County School District; (2) Bernard Stephen Chandler, the Superintendent of the District, in his official and individual capacities; (3) Milton Hardrict, the principal at Coahoma Agricultural High School, in his official and individual capacities; (4) Stanley Ellis, the Assistant Superintendent of the District and the District's Title IX Coordinator, in his official and individual capacities; and (5) Brittany Brown, a teacher in the District, in her official and individual capacities. The amended complaint alleges that the various defendants are liable for a

sexual assault and harassment Jane Doe suffered while a student in the District.

Bright's amended complaint asserts four counts: (1) "Violation of Title IX as to Defendant Tunica County School District," subtitled "The School's Deliberate Indifference to Alleged Sexual Harassment" (Count I); (2) "Violation of Title IX as to Defendant Tunica County School District," subtitled "Retaliation by Withholding Protections Otherwise Conferred by Title IX" (Count II); (3) "1983 Violation as to Defendants Tunica County School District, Chandler, Hardrict, Ellis and Brown" (Count III); and (4) "*Monell* Liability for Failure to Train and Supervise as to Response to Sexual Assault as to Defendant Tunica County School District (42 U.S.C. § 1983)" (Count IV). Hardrict and Ellis seek dismissal of Count III. Doc. #28; Doc. #32.

Ellis and the District filed answers to the state court amended complaint on September 12, 2016. Doc. #5; Doc. #6. Hardrict filed his answer on October 20, 2016, and Chandler filed his on December 26, 2016. Doc. #16; Doc. #26. Both Hardrict and the District subsequently amended their answers on January 12, 2017, and January 15, 2017, respectively. Doc. #27; Doc. #31.

On January 12, 2017, Ellis filed a "Motion of Defendant Stanley Ellis for Qualified Immunity, to Dismiss, and for Summary Judgment." Doc. #28. Three days later, on January 15, 2017, Hardrict filed a motion seeking identical relief. Doc. #32.

On January 26, 2017, Bright docketed a response to Ellis' motion for summary judgment, which was in substance and by title a motion for Rule 56(d) relief, along with a memorandum supporting her Rule 56(d) request. Doc. #34; Doc. #35. Following a notice of correction from the Clerk of the Court, Bright re-docketed her response as a motion for extension but did not file a supporting memorandum. Doc. #36. After receiving a second notice of correction, Bright filed a third motion for Rule 56(d) relief, again with no supporting memorandum. Doc. #38.

On February 9, 2017, Ellis and Hardrict filed a "Combined Response" to Bright's three motions. Doc. #39. The next day, Ellis and Hardrict filed a "corrected" response. Doc. #40. Bright replied to the combined response on February 21, 2017. Doc. #42.

On February 22, 2017, Chandler and the District filed a combined motion to dismiss "and/or" for judgment on the pleadings. Doc. #43. The following day, Chandler and the District filed separate "amended" motions seeking the same relief. Doc. #45; Doc. #47. Bright filed a combined response to the amended motions on March 30, 2017. Doc. #51. On April 6, 2017, the District and Chandler filed motions to extend the deadlines to reply to Bright's response. Doc. #53; Doc. #54. Two days later, on April 8, 2017, before this Court could rule on the motions for extension, both Chandler and the District replied in support of their respective motions. Doc. #55; Doc. #56.

On April 10, 2017, Chandler filed a motion for summary judgment. Doc. #57. About two weeks later, on April 25, 2016, this Court issued an order denying the motions for extension as moot. Doc. #59. Additionally, the order, which interpreted the first two Rule 56(d) motions as having been mooted by the third, denied the third motion for Rule 56(d) relief as improperly supported. *Id*. Bright filed a Rule 56(d) motion two days later seeking discovery to respond to Chandler's motion. Doc. # 63.

On July 19, 2017, this Court denied the Rule 56(d) motion related to Chandler's motion for summary judgment. Doc. #68. Approximately two weeks later, on August 4, 2017, Bright responded in opposition to Chandler's motion for summary judgment. Doc. #71. Chandler replied in support of his motion on August 6, 2017. Doc. #73.

On September 11, 2017, this Court granted Chandler's and the District's respective motions for judgment on the pleadings on the § 1983 claims asserted against Chandler in Count

III and against the District in Count IV. Doc. #77. Specifically, the Court concluded that Count III and Count IV failed to allege an underlying constitutional violation so as to support claims for § 1983.

**II**
**Chandler's Motion**

Chandler's motion for summary judgment seeks summary judgment on Count III of Bright's amended complaint. Doc #57. Because this Court's September 11, 2017, order dismissed Count III to the extent it was brought against Chandler, Chandler's motion for summary judgment on this count will be denied as moot.

**III**
**Standard of Review for Hardrict's and Ellis' Motions**

The motions by Hardrict and Ellis seek dismissal of all individual capacity claims under Federal Rule 12(b)(6), Federal Rule 12(b)(c), "and/or" Federal Rule 56. Doc. #28; Doc. #32.

As a general matter, 12(b)(6) relief is unavailable where a moving party has filed a responsive pleading. *Young v. City of Houston*, 599 F. App'x 553, 554 (5th Cir. 2015). Accordingly, when, as here, a moving party files a post-answer motion under both Rule 12(b)(6) and Rule 12(c), the proper course is to treat the motion as made under Rule 12(c). *See Dorward v. Ramirez*, No. 3:09-cv-18, 2009 WL 2777880, at *3 n.4 (N.D. Tex. Aug. 28, 2009) ("Although Waste Management states that it moves to dismiss under both Rule 12(b)(6) and Rule 12(c), the court will construe the motion as made under Rule 12(c) because it was filed after Waste Management filed an answer."). However, Federal Rule of Civil Procedure 12(d) directs that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is

pertinent to the motion." The decision whether to exclude the matters outside the pleadings is committed to the discretion of the district court. *Franklin v. N. Cent. Narcotics Task Force*, No. 5:15-cv-120, 2016 WL 7378215, at *2 (S.D. Miss. Dec. 20, 2016) (citing *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 225 F. Appx 775, 783 (5th Cir. 2007)).

For the reasons below, the Court concludes that Bright's amended complaint fails to state a claim against Ellis and Hardrict. Accordingly, the Court, in the exercise of its discretion, excludes as unnecessary the documents attached to Ellis' motion and Hardrict's motion, and will analyze the motions under Rule 12(c).

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "The pleading standards for a Rule 12(b)(6) motion to dismiss are derived from Rule 8 of the Federal Rules of Civil Procedure, which provides, in relevant part, that a pleading stating a claim for relief must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012). Under Rule 12(b)(6), "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). Under this standard, a court must "accept all well-pleaded facts as true." *New Orleans City v. Ambac Assurance Corp.*, 815 F.3d 196, 199–200 (5th Cir. 2016) (internal quotation mark omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do so." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather,

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." A

5

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 544) (internal citations omitted).

## IV
## Factual Allegations

In this Court's September 11, 2017, order granting the motions for judgment on the pleadings filed by Chandler and the District, the relevant factual allegations are set forth in detail. *See* Doc. #77 at 4–7. As such, they will not be repeated here but have been fully considered in the Court's analysis of Ellis' and Hardrict's respective motions for summary judgment.

## V
## Analysis

Count III, the subject of the motions here, is brought through the vehicle of 42 U.S.C. § 1983. Section 1983 authorizes suits for damages against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws …." "There are three elements to establish liability through a Section 1983 action. There must be (1) a deprivation of a right secured by federal law[,] (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (internal footnote omitted).

In Count III, Bright alleges that "[u]nder the Fourteenth Amendment, [Doe] had the right as a public school student to personal security and bodily integrity and Equal Protection of Laws." Doc. #2 at ¶ 96. Bright alleges that Hardrict and Ellis violated these rights.

In the memorandum briefs accompanying their motions to dismiss, Hardrict and Ellis argue that Bright has failed to "assert a clearly established constitutional right or any constitutional right as required to support a claim under 42 U.S.C. § 1983." Doc. #33 at 13; Doc. #29 at 12. Bright has failed to respond to these arguments. However, in her responses to the motions to dismiss filed by Chandler and the District, Bright "acknowledge[d] that she erroneously referred to her right to equal protection instead of her right to due process" but asserts that she states a claim for violation of Doe's substantive due process rights. Doc. #52 at 2; Doc. #51 at 2. To this end, Bright asserted that "the Amended Complaint does *not* seek relief for the sexual assault. Rather, it is the aftermath created by … Defendants that is the subject of the Amended Complaint." Doc. #51 at 4; Doc. #52 at 4. While these statements were made in relation to separate motions to dismiss, they refer to Count III as a whole without distinction between the various individual defendants. Accordingly, the Court deems them equally applicable to the Count III claims against Hardrict and Ellis.

For the same reasons set forth in this Court's previous order, this Court concludes that Count III of Bright's amended complaint fails to state a claim for a constitutional deprivation under § 1983 but that Bright should be afforded an opportunity to address the identified pleading deficiencies. Accordingly, the motions for judgment on the pleadings must be granted and Count III will be dismissed without prejudice.

## VI
## Conclusion

For the reasons above, the motions for judgment on the pleadings filed by Ellis [28] and

Hardrict [32] are **GRANTED**. Count III, to the extent it is asserted against Ellis and Hardrict, is **DISMISSED without prejudice**. Within fourteen (14) days of the filing of this order, Bright may file a second amended complaint reasserting her § 1983 claims against Ellis and Hardrict. The motion for summary judgment filed by Chandler [57] is **DENIED as moot**.

    **SO ORDERED**, this 11th day of September, 2017.

                                             **/s/Debra M. Brown**
                                             **UNITED STATES DISTRICT JUDGE**